JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brett W. Goodman,<br>Petitioner,<br>v.<br>Ryan Thornell, et al.,<br>Respondents. | No. CV-26-08190-PCT-JAT (JZB)<br><br>**ORDER** |

Petitioner Brett W. Goodman, who is confined in the La Palma Correctional Center, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the filing fee. The Court will require an answer to the Petition.

## I. Petition

Petitioner pleaded guilty in Navajo County Superior Court, case #CR201900133, to one count of misconduct involving weapons and was sentenced to a 10-year term of imprisonment. In his Petition, Petitioner names Ryan Thornell as Respondent and the Arizona Attorney General as an additional Respondent. Petitioner raises one ground for relief, in which he contends that his conviction was unconstitutional as applied to him because he was a non-violent offender.

Petitioner states that he did not present the issue in the Petition to any Arizona appellate court. However, even if the exhaustion requirement has not been met, it appears that any unexhausted claims may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. *See Castille v. Peoples*, 489

U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). Thus, the Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Because Petitioner is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry Complex or Private Facility subject to General Order 23-19, Petitioner can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Petitioner files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court. Petitioner is not required to serve Respondents with copies of every document or provide an additional copy of every document for the Court's use.

**If** Petitioner is transferred to a facility other than one subject to General Order 23-19, Petitioner will be required to: (a) serve Respondents, or counsel if an appearance has been entered, a copy of every document Petitioner files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office. Pursuant to the Memorandum of Understanding, copies of the Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses. Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(2) Respondents must answer the Petition within **40 days** of the date of service. Respondents must not file a dispositive motion in place of an answer. Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims. The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim. If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing,

referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* https://www.azd.uscourts.gov/sites/azd/files/adm%20manual.pdf.

(4) Petitioner may file a reply within **30 days** from the date of service of the answer.

(5) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 14th day of October, 2026.

James A. Teilborg
Senior United States District Judge